**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

SEARCH MARKETING GROUP, INC., and
DAVID BERGER,

*Plaintiff,*

v.

JUNK A CAR, INC., JUNK A CAR
NATIONWIDE INC., PETER GREENBLUM,
ISAAC MEIR RESNICK, ROBERT VOGEL,
JACLYN VICTOR, JEFFREY FORMAN, and
INTERCTIVE LIMITED,

*Defendants.*

Civil Action No. 17-1840 (JMV) (JBC)

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

On March 8, 2019, the Court denied without prejudice Defendants' request for temporary restraints enjoining Plaintiffs from restricting Defendants' control over the domain name www.rustysautosalvage.com and ordered expedited discovery to be completed by March 29, 2019. D.E. 106. By letters dated April 1, 2019 and April 18, 2019, Defendants notified the Court that the parties have failed to comply with this expedited discovery timeline because of a disagreement over where Defendants can depose Plaintiff David Berger, a principal of Plaintiff Search Marketing Group, Inc. D.E. 112, 114. Defendants' counsel wishes to conduct the deposition at his office in Goshen, New York, and Plaintiffs' counsel wants that the deposition be conducted at his office in Englewood Cliffs, New Jersey. *Id.* The Court then held a telephone conference with counsel on April 23, 2019.

"Rule 30(b)(1) is clear in that 'the location designated for the taking of a deposition is solely within the discretion of the court, thereby requiring each application to be considered on its own facts and equities.'" *Campbell v. Sedgwick Detert, Moran & Arnold*, No. 11-642, 2013 WL 1314429, at *12 (D.N.J. Mar. 28, 2013) (quoting *Tomingas v. Douglas Aircraft Co.*, 45 F.R.D. 94, 97 (S.D.N.Y. 1968)). There is a "general rule" that the "location of a corporate party's deposition . . . ordinarily takes place at the corporate party's principal place of business," but "[n]otwithstanding the generally recognized rule, courts have often required corporate defendants to produce their officers or agents for depositions at locations other than the corporation's principal place of business where there has been no showing that the defendant will suffer any resulting financial hardship." *Id.* (citing *South Seas Catamaran, Inc. v. Motor Vessel "Leeway"*, 120 F.R.D. 17, 21 n. 5 (D.N.J. 1988)). The Court can also consider the following factors:

> location of counsel for the parties in the forum district, the number of corporate representatives a party is seeking to depose, the likelihood of significant discovery disputes arising which would necessitate resolution by the forum court, whether the persons sought to be deposed often engage in travel for business purposes, and the equities with regard to the nature of the claim and the parties' relationship.

*Id.* (quoting *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 629 (C.D. Cal. 2005)).

Here, in balancing the equities, The Court orders that Defendants' deposition of Mr. Berger take place at Defendants' counsel's office in Goshen, New York. It appears Defendants' counsel already produced his witness for deposition at Plaintiffs' counsel's office. D.E. 111 at 2. Defendants' counsel represents that the two offices are only approximately fifty miles from each other, resulting in a car ride of approximately one hour. *Id.* Plaintiffs have not produced any evidence indicating a financial hardship in traveling to Defendants' counsel's office. At the same time, Defendants' counsel has indicated that the deposition will be more efficient at his office

because he will have better access to his files. Thus, the Court exercises its discretion and orders that the deposition of Mr. Berger take place at Defendants' counsel's office in Goshen, New York within two weeks.

The Court also strenuously urges both counsel to act professionally going forward. In the end, neither counsel was correct – the Court could have ordered the deposition to take place at either counsel's office. Thus, Plaintiffs' counsel lacked a legal basis to refuse to produce Mr. Berger in defense counsel's office. At the same time, given that defense counsel has repeatedly emphasized the critical nature of this case to his client, defense counsel could have also taken Mr. Berger's deposition in a timely fashion at Plaintiffs' counsel's office. That being said, if either counsel takes action in the future and does not have legal support for his action, the Court will consider the imposition of sanctions.

For these reasons, and for good cause shown,

**IT IS** on this 23th day of April, 2019,

**ORDERED** that Plaintiff is to produce Mr. Berger for a deposition at Defendants' counsel's office in Goshen, New York by May 7, 2019; and it is further

**ORDERED** that upon completion of this deposition, the parties shall file a letter on the docket indicating how they wish to proceed.

_____
JOHN MICHAEL VAZQUEZ, U.S.D.J.